On the Merits.
This case raises the question posed by appellees, namely: “After the Committee has duly called an election and the election has been held, can the Committee arrogate to itself the judicial function of holding that the election was a nullity, or is the Committee under the ministerial duty to promulgate the returns and certify the results to the Secretary of State in accordance with the Louisiana Primary Election Law?”
We are of the opinion that the question is answered by LSA-R.S. 18:292 as quoted hereinabove, and in LSA-R.S. 18:355 which is as follows: “The chairman of the committee, immediately upon receiving the returns, shall open them and cause them to be tabulated and compiled, and at twelve *251 o’clock noon on the fourth day after the primary, the committee ordering it shall convene at the same place and the chairman thereof shall submit to it the tabulated statement showing the result of the primary and the original returns received by him. The Secretary of State and the chairman of all the respective committees under the provisions of this Part shall safely keep and preserve for six months all tally sheets, poll lists, and returns received by them as well as all compilations made by them of returns. All of these documents are public records and are open to inspection by anyone.”
We are further of the opinion that what we said in the case of State ex rel. Tanner v. Duncan, La.App., 10 So.2d 507, 510, is appropriate here: “To hold otherwise would be to hold that a party committee could hold out a person as its candidate for nomination, permit him to run, as in this case, in two primaries, and then, after the primaries are over and he has been elected, take some retroactive action relating to his qualifications and declare him ineligible. It is our opinion that whilst the executive committee of any political party is vested with great authority in the matter of deciding who shall participate either as a voter or a candidate in their primaries, conventions or other methods of making their nominations, after the primaries, conventions or other methods, whatever they may be, have been held and the results have been accomplished, the duty of such committees then becomes ministerial and they are left with nothing more to do except to carry out the expressed wishes of the voters or of those participating in the other ways of making nominations and certify the successful candidate to the proper authority. Any question regarding the qualifications of the candidate after that becomes one which relates to his eligibility to hold the office to which he aspires and one which requires the exercise of a judicial function to decide, a power with which such committees are not clothed. American Jurisprudence, vol. 18, p. 271, Sec. 140; C.J.S., vol. 29, Elections, p. 214, §§ 146 and 147.”
For the above and foregoing reasons the judgment of the lower Court is hereby affirmed.